590 P.2d 65 (1979)
STATE of Alaska, Appellant,
v.
G.L.P., Appellee.
STATE of Alaska, Appellant,
v.
G.L.P. and B.A., Appellees.
STATE of Alaska, Appellant,
v.
R.W., Appellee.
No. 2978.
Supreme Court of Alaska.
February 2, 1979.
*66 Jane F. Kauvar and David C. Stewart, Asst. Dist. Attys., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellant.
John Hagey, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellee R.W.
Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

OPINION
BURKE, Justice.
The issue in this appeal is whether one under eighteen years of age can be charged, prosecuted and sentenced in the district court, as an adult, for a misdemeanor violation of Alaska's "joyriding" statute, AS 28.35.010(a),[1] before there has been an order by the superior court waiving the latter court's juvenile jurisdiction. We hold that a juvenile charged with such a violation can be prosecuted and sentenced in the same manner as an adult without the necessity of a waiver order.
Appellees, all under eighteen years of age, were arrested for alleged violations of AS 28.35.010(a). Misdemeanor complaints were filed against them in the district court. On its own motion, the district court dismissed the charges and referred each defendant to the juvenile intake officer for possible juvenile proceedings before the superior court. This ruling was appealed by the state, and the superior court, exercising its intermediate appellate jurisdiction,[2] affirmed. This appeal followed.
Proceedings against persons under the age of eighteen accused of violating state or local laws are generally governed by the provisions of AS 47.10, Alaska's juvenile code. AS 47.10.010(a).[3] Under the general rule, such a person is exempt from prosecution as an adult until such time as the superior court waives its juvenile jurisdiction over him or her, in accordance with AS 47.10.060,[4] upon a finding that the minor *67 is not amenable to treatment under the juvenile code. P.H. v. State, 504 P.2d 837 (Alaska 1972). In the instant case, both the district and superior courts construed the alleged violations of AS 28.35.010 as coming within the general rule. Thus, the superior court affirmed the district court's order of dismissal. We reverse.
At the time of the proceedings in the courts below, AS 47.10.010(b) provided for an exception to the general rule in the case of misdemeanor "traffic" offenses, stating:
When a minor is accused of violating a traffic statute or regulation, or a traffic ordinance or regulation of an incorporated municipality, excepting a statute the violation of which is a felony, the procedure prescribed in §§ 20-90 of this chapter may not be followed, except that a parent, guardian or legal custodian shall be present at all proceedings. The minor accused of a traffic offense shall be charged, prosecuted, and sentenced in the district court in the same manner as an adult. [Emphasis added.][5]
Appellees argue that the foregoing exception does not apply in the cases at bar, because AS 28.35.010 is not a "traffic" statute within the meaning of AS 47.10.010(b). We reject this argument. Subsection (d) of AS 28.35.010, in language almost identical to that found in AS 47.10.010(b), provides: "When a minor is accused of violations under this section he may be charged, prosecuted, and sentenced in the same manner as an adult, except that a parent, guardian or legal custodian shall be present at all proceedings against the minor."
Read together, we believe that AS 28.35.010(d) and AS 47.10.010(b) demonstrate a clear legislative intent to exclude from the coverage and requirements of the juvenile code those cases involving alleged misdemeanor violations of Alaska's "joyriding" statute by persons under eighteen years of age. Accordingly, we reverse the decision of the superior court affirming the district court's order of dismissal.
REVERSED and REMANDED for further proceedings consistent with this opinion.
RABINOWITZ, Justice, with whom BOOCHEVER, Chief Justice, joins, dissenting.
I cannot agree with the court's disposition of this appeal. My reasons for dissenting are as follows.
The legislature has vested in the superior court broad juvenile jurisdiction encompassing most situations in which minors under 18 years old are charged with criminal violations.[1] However, specifically excepted from the superior court's juvenile jurisdiction are those cases in which minors are accused of violating traffic statutes, ordinances, *68 or regulations.[2] In such circumstances, the legislature has determined that "the minor ... shall be charged, prosecuted and sentenced in the district court in the same manner as an adult."[3] Thus, whether the joyriding statute, AS 28.35.010, should be characterized as a "traffic statute" is the threshold determination upon which depends the mandatory adult disposition of AS 47.10.010(b).
The state argues that because AS 28.35.010 is codified in the motor vehicle title of the Alaska Statutes it should be viewed as traffic legislation. However, I believe that the statute's codification category is not dispositive because the title and chapter in which AS 28.35.010 is placed contain sections having little apparent connection with the safe and orderly flow of traffic.[4] Several provisions of title 28, chapter 35 are plainly aimed at controlling conduct related to motor vehicles without being addressed directly to public safety or traffic management. For example, AS 28.35.015 prohibits tampering with or damaging a part of a vehicle; AS 28.35.025 establishes criminal penalties for fraudulently obtaining a rental vehicle; and AS 28.35.026 sets possible punishments for failure to return a rental vehicle under certain conditions. The hazards of relying upon a particular codification category as a definitive indicator of the statute's nature also are shown by the appearance in another title of statutory language similar to AS 28.35.010. Title 11 (Criminal Law), chapter 20 (Offenses Against Property) contains AS 11.20.145 (Driving or taking watercraft or aircraft without the owner's consent) which differs from AS 28.35.010 primarily in its application to the unauthorized, temporary taking of watercraft or aircraft rather than motor vehicles.[5] Thus, a codification category is at best an ambiguous indicator of the proper characterization of Alaska's "joyriding" statute.[6] Instead, I prefer to rely on analysis of the functions served by AS 28.35.010.
*69 The conduct which AS 28.35.010 attempts to reach is driving, towing away or taking a vehicle without the owner's consent where the actor intends to temporarily deprive the owner of possession. Violation of the joyriding statute is thus a crime functionally similar to larceny; only the element of intent differs.[7] Indeed, AS 28.35.020 makes joyriding a lesser included offense of larceny. Hazardous operation of a motor vehicle by a violator of AS 28.35.010 is not addressed by the joyriding statute; rather, such problems are the subject of other statutes and regulations.[8] Based on my view of the conduct prohibited by the statute and its functional similarity to larceny of a motor vehicle, I conclude that AS 28.35.010 should not be characterized as a "traffic statute"; accordingly, AS 47.10.010(b) does not require adult disposition.
The state has also argued that even if AS 28.35.010 is not a traffic statute, prosecution in district court nevertheless was proper because AS 28.35.010(d) effectively granted the district attorney discretion to proceed against defendant minors as adults. The juvenile jurisdiction of the superior court provides specialized disposition for minors accused of criminal offenses and expresses Alaska's commitment to rehabilitative ideals in its treatment of most youthful offenders.[9] However, this specialized juvenile disposition is not available if the superior court waives jurisdiction after making findings as required by AS 47.10.060.[10] Once juvenile jurisdiction has been *70 waived,[11] adult prosecution may occur.[12] Thus, the legislature has articulated a policy which favors diverting young offenders from adult disposition until the requisite determination has been made that the child is not amenable to treatment and that probable cause exists for believing he is delinquent. The strength of this policy is illustrated by the statutory requirement that adult disposition of traffic offenses required by AS 47.10.010(b) must yield to the superior court's juvenile jurisdiction when the minor is accused of a violation which is a felony.[13]
It is against this statutory framework of superior court juvenile jurisdiction and the policies on which it is based that AS 28.35.010(d) must be construed. The joyriding statute does not exclude superior court juvenile jurisdiction in mandatory terms. Unlike the command of AS 47.10.010  requiring that a minor accused of a non-felony traffic offense "shall be charged, prosecuted and sentenced in the district court in the same manner as an adult"  AS 28.35.010 states only that a minor accused of joyriding "may be charged, prosecuted, and sentenced in the same manner as an adult... . ."[14] Neither the statute's language nor its legislative history expressly indicates who is to determine whether the accused minor will face adult or juvenile disposition.
The use of the word "may" suggests two possible constructions: (1) the legislature intended that the prosecutor would have discretion to determine whether to bring charges in district court[15] or (2) the legislature intended that the superior court would retain control over the waiver decision but that the superior court would consider a violation of AS 28.35.010 to be a serious offense which would weigh in the decision whether to waive jurisdiction.[16] I have concluded that the second construction is consistent with the legislature's intention to provide broad juvenile jurisdiction in the superior court with controlled waiver of such jurisdiction under certain circumstances.
*71 In light of the important legislative policies involved, I think it essential to construe harmoniously those statutes which affect the superior court's juvenile jurisdiction[17] and to avoid conflict between statutory provisions.[18] Only by leaving the waiver decision with the superior court will internal contradictions be avoided.
The state concedes that the superior court's juvenile jurisdiction would attach, unless waived after proper proceedings, when a minor is accused of a second or subsequent joyriding offense because a felony might be charged.[19] Thus, according to the state's analysis, a minor accused of joyriding (first offense) would be tried in the district court where he would face a potential maximum incarceration of one year if convicted. For a second offense, however, the minor would be subject to the juvenile jurisdiction of the superior court. I believe such a construction is inconsistent with the theory of juvenile jurisdiction and disposition. Instead of receiving specialized rehabilitative treatment to prevent development of criminal behavior patterns, the convicted minor might be confined in a correctional facility which is not designed to separate young offenders from older, more experienced criminals. Such disposition could well hamper the superior court's task if the minor is later accused of another joyriding offense; and the superior court's consideration of a petition to waive jurisdiction in subsequent juvenile proceedings would be essentially nugatory.
Another potential anomaly would arise if the alleged conduct contains the elements necessary to prove larceny of a motor vehicle as well as the lesser included offense of driving a vehicle without the owner's consent. Under such circumstances, the district attorney's office could avoid juvenile jurisdiction by charging the minor with a violation of AS 28.35.010 instead of larceny. Such a result not only would invert the process, as discussed above, but also would undercut the superior court's juvenile jurisdiction over minors alleged to have committed acts which might support a larceny charge.
Where the legislature has used ambiguous language in describing a possible waiver of the superior court's juvenile jurisdiction, I conclude that it did not intend to withdraw jurisdiction in a manner which contradicts the broad purposes underlying the jurisdictional grant of AS 47.10.010. Accordingly, I would hold that AS 28.35.010(d) does not authorize adult disposition of minors charged with violating AS 28.35.010 except in accordance with the statutory waiver procedures of AS 47.10.060.
My proposed disposition makes it unnecessary to decide the equal protection and due process questions which this court asked the parties to brief in this appeal.[20] Although I do not reach these issues, I think it appropriate to note that they present questions of significant constitutional dimensions.[21]
NOTES
[1] AS 28.35.010(a) provides:

A person who drives, tows away, or takes a vehicle not his own without the consent of the owner, with intent temporarily to deprive the owner of possession of the vehicle, or a person who is a party or accessory to or an accomplice in the driving or unauthorized taking is guilty of a misdemeanor, and upon conviction is punishable by imprisonment for not less than 30 days nor more than one year, and by a fine of not less than $100 nor more than $1,000. Upon a conviction for a second or subsequent offense, the offender may be charged with a felony... .
[2] Under AS 22.10.020(a), "[t]he superior court has jurisdiction in all matters appealed to it from a subordinate court ... when appeal is provided by law."
[3] AS 47.10.010(a) provides in part: "Proceedings relating to a minor under 18 years of age ... are governed by this chapter, except as otherwise provided in this chapter ..."
[4] AS 47.10.060(a) provides:

If the court finds at a hearing on a petition that there is probable cause for believing that a minor is delinquent and finds that the minor is not amenable to treatment under this chapter, it shall order the case closed. After a case is closed under this subsection, the minor may be prosecuted as if he were an adult.
[5] After the district court and superior court proceedings were completed, AS 47.10.010(b) was repealed and reenacted in 1977 to read as follows:

When a minor is accused of violating a traffic regulation, a traffic ordinance or regulation of an incorporated municipality, a fish and game statute or regulation under AS 16 or a parks and recreational facilities statute or regulation under AS 41.20, excepting a statute the violation of which is a felony, the procedure prescribed in §§ 20-90 of this chapter may not be followed, except that a parent, guardian or legal custodian shall be present at all proceedings. The minor accused of a traffic offense, a fish and game statute or regulation violation under AS 16 or parks and recreational facilities violation under AS 41.20 shall be charged, prosecuted, and sentenced in the district court in the same manner as an adult.
[1] Prior to amendment in 1977, the relevant portions of AS 47.10.010 provided:

(a) Proceedings relating to a minor under 18 years of age residing or found in the state are governed by this chapter, except as otherwise provided in this chapter, when the minor
(1) violates a law of the state, or an ordinance or regulation of a political subdivision of the state. .. .
The statute was repealed and partially reenacted in 1977 to read:
(a) Proceedings relating to a minor under 18 years of age residing or found in the state are governed by this chapter, except as otherwise provided in this chapter, when the court finds the minor
(1) to be a delinquent minor as a result of violating a criminal law of the state or of a municipality of the state... .
[2] AS 47.10.010(b) provides:

(b) When a minor is accused of violating a traffic statute or regulation, or a traffic ordinance or regulation of an incorporated municipality, excepting a statute the violation of which is a felony, the procedure prescribed in §§ 20-90 of this chapter may not be followed, except that a parent, guardian or legal custodian shall be present at all proceedings. The minor accused of a traffic offense shall be charged, prosecuted, and sentenced in the district court in the same manner as an adult.
[3] Id.
[4] Title 28, chapter 35 and title 47, chapter 10 contain no definition of "traffic" or of "traffic statute." The Alaska Administrative Code provides that in traffic regulations and in certain statutes:

`[T]raffic' means a pedestrian, [a] ridden or herded animal, a vehicle or other conveyance using a highway or ferry facility for the purpose of travel, either on, along or across.
13 AAC 10.360.
In addition, "traffic regulation" means:
[a] regulation ... which affects the movement, operation, equipment or condition of a vehicle, bicycle, person or animal when operated or moved on a highway, ferry facility or other designated area of this state.
13 AAC 10.370.
[5] Differences between AS 28.35.010(a) and AS 11.20.145(a) are relatively insignificant. Conviction for a second violation of AS 28.35.010 permits felony charges to be brought on subsequent prosecutions for joyriding; no similar provision appears in AS 11.20.145. Other differences are not pertinent to the present discussion.

AS 11.20.146 makes AS 11.20.145 a lesser included offense of larceny; similarly, AS 28.35.020 makes AS 28.35.010 a lesser included offense of larceny. Both AS 28.35.010 and AS 11.20.145 state that a minor accused of violating the statute "may be charged, prosecuted, and sentence in the same manner as an adult... ."
[6] See generally Jones v. State, 322 N.E.2d 727, 729 (Ind. App. 1975). (Although the offense of reckless homicide is contained within the act regulating traffic on highways and defining certain crimes in the use and operation of vehicles while the crime of involuntary manslaughter is not, such a "transparent distinction" is not sufficient to except reckless homicide from juvenile court jurisdiction while leaving involuntary manslaughter within such jurisdiction).

Under some circumstances, the placement or rearrangement of code sections may be helpful in determining the proper construction of a statute. See 1A Sands, Sutherland Statutory Construction § 28.11, at 329-30 (4th ed. 1972). However, I think the placement of AS 28.35.010 to be insufficient when viewed in light of both its functions and the functions of statutes having similar language. See 2A Sands, Sutherland Statutory Construction § 53.03, at 346 (4th ed. 1973).
[7] Compare AS 28.35.010(a) with the larceny offenses appearing in Alaska Statutes title 11, chapter 20, article 3.
[8] See, e.g., AS 28.35.030 (Driving while under the influence of intoxicating liquor or drugs); AS 28.35.040 (Reckless driving); and AS 28.35.045 (Negligent driving).
[9] The legislature has explained the purposes underlying the code chapter which includes juvenile court jurisdiction in the following statutory language:

The purpose of this chapter is to secure for each minor the care and guidance which is as nearly as possible equivalent to that which should be given him by his parents. The principle is recognized that minors under the jurisdiction of the court are wards of the state, subject to its discipline and entitled to its protection, and that the state may act to safeguard them from neglect or injury and to enforce the legal obligation due to them and from them.
This court has emphasized that notions of benevolent social policies cannot justify dispensing with constitutional safeguards, R.L.R. v. State, 487 P.2d 27, 30-31 (Alaska 1971), or departing from positive law, In re E.M.D., 490 P.2d 658, 660 (Alaska 1971).
The development of a modern juvenile court system is discussed in Fox, Juvenile Justice Reform: An Historical Perspective, 22 Stan.L. Rev. 1187 (1970). All states now have juvenile court systems. Their operation is examined in Note, Juvenile Delinquents: The Police, State Courts, and Individualized Justice, 79 Harv.L. Rev. 775 (1966). See also In re Gault, 387 U.S. 1, 14-19, 87 S.Ct. 1428, 18 L.Ed.2d 527, 539-41 (1967); Kent v. United States, 383 U.S. 541, 554-55, 86 S.Ct. 1045, 16 L.Ed.2d 84, 93-94 (1966).
In recent years serious questions have been raised about the effectiveness of the juvenile court model. See In re Gault, 387 U.S. 1, 17-27, 87 S.Ct. 1428, 18 L.Ed.2d 527, 540-46 (1967); Kent v. United States, 383 U.S. 541, 555-56, 86 S.Ct. 1045, 16 L.Ed.2d 84, 94 (1966). See generally Handler, The Juvenile Court and the Adversary System: Problems of Function and Form, 1965 Wis.L.Rev. 7, 12-24; Note, An Analysis of the Jurisdictional Waiver Procedure in the Juvenile Courts, 5 UCLA Alas.L. Rev. 152, 154-55 (1975); Note, Juvenile Court: The Legal Process as a Rehabilitative Tool, 51 Wash.L.Rev. 697 (1976).
[10] The relevant provisions of AS 47.10.060 read:

(a) If the court finds at a hearing on a petition that there is probable cause for believing that a minor is delinquent and finds that the minor is not amenable to treatment under this chapter, it shall order the case closed. After a case is closed under this subsection, the minor may be prosecuted as if he were an adult.
.....
(d) A minor is unamenable to treatment under this chapter if he probably cannot be rehabilitated by treatment under this chapter before he reaches 21 years of age. In determining whether a minor is unamenable to treatment, the court may consider the seriousness of the offense the minor is alleged to have committed, the minor's history of delinquency, the probable cause of the minor's delinquent behavior, and the facilities available to the division of youth and adult authority for treating the minor.
AS 47.10.060(d) was amended in 1977 by substituting "20" for "21" years of age. 1977 Alaska Sess. Laws, ch. 63, § 13.
[11] This court has viewed the waiver hearing as a critical stage in juvenile proceedings which "`must measure up to the essentials of due process and fair treatment'." P.H. v. State, 504 P.2d 837, 842 (Alaska 1972) quoting Kent v. United States, 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84, 98 (1966). In P.H., we stated that the waiver hearing was critically important because consequences of waiver are great: "At stake is the statutory promise of special rehabilitative treatment in lieu of the harsher sanction of criminal conviction." Id.

We also noted several "substantial statutory benefits" arising from juvenile court disposition including:
no criminal conviction or the attendant employment prejudice and loss of civil rights [AS 47.10.080(g)]; minimal publicity concerning the adjudication [AS 47.10.090]; a maximum period of commitment which cannot exceed the child's twentieth birthday [AS 47.10.080(c)(1)]; and perhaps conceptually most important, a benevolent attitude [AS 47.10.280] dictating specialized rehabilitative treatment [AS 47.10.150-260].
[12] AS 47.10.060(a).
[13] AS 47.10.010(b).
[14] In addition, AS 28.35.010(d) requires the presence of a parent, guardian or legal custodian at all proceedings against the minor.
[15] Our opinion in P.H. v. State, 504 P.2d 837 (Alaska 1972), held that an alleged offender who is a minor at the time of the alleged offense may not be prosecuted as an adult in the absence of a proper jurisdictional waiver by the superior court  even if the proceedings against him were initiated after his eighteenth birthday. In connection with our discussion of this matter, we stated:

[S]erious constitutional issues would arise if the nature of the proceedings against a child offender were to depend on the arbitrary decision of law enforcement officials.
Id. at 842. Some commentators also have suggested that constitutional difficulties may be posed by prosecutorial discretion to proceed against minors as adults. See Mlyniec, Juvenile Delinquent or Adult Convict  the Prosecutor's Choice, 14 Am.Crim.L.Rev. 29 (1976); Note, Sending the Accused Juvenile to Adult Criminal Court: A Due Process Analysis, 42 Brooklyn L.Rev. 309 (1975). My reading of AS 28.35.010 makes an evaluation of such constitutional issues unnecessary.
[16] The seriousness of the offense is expressly made a proper factor for the superior court's consideration in reaching its waiver decision. See 47.10.060(d). For a discussion of standards for transfer of juveniles between courts, see Whitebread & Batey, Transfer Between Courts: Proposals of the Juvenile Justice Standards Project, 63 Va.L.Rev. 221 (1977).
[17] See generally 2A Sands, Sutherland Statutory Construction § 53.01 (4th ed. 1973).
[18] See also 2A Sands, Sutherland Statutory Construction §§ 51.01, 51.03 (4th ed. 1973).
[19] Both parties assume that AS 28.35.010 permits felony charges to be brought for a second offense. I note, however, that the statute reads: "Upon a conviction for a second or subsequent offense, the offender may be charged with a felony ... ." (emphasis supplied) The correct construction of this language is not in issue on this appeal, and that question need not be reached.

If AS 28.35.010 is read as permitting a felony prosecution only after two prior convictions, then it is possible that a minor would be subjected to prosecution and sentencing as an adult twice before being referred to juvenile court for conduct similar to that on which adult disposition was based.
[20] The issues on which this court requested further briefing were:

Whether AS 28.35.010 poses equal protection problems by permitting imposition of different penalties or different degrees of punishment for the same offense.
Whether AS 28.35.010 poses procedural due process problems by permitting the prosecutor to determine whether an alleged violator is to be charged and prosecuted as a juvenile or as an adult.
[21] See Judge Skelly Wright's dissent in United States v. Bland, 153 U.S.App.D.C. 254, 472 F.2d 1329 (1973), cert. denied, 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973).