**Daniel K. NAO, III, Appellant and**

**Cross–Appellee,**

v.

**STATE of Alaska, Appellee and**

**Cross–Appellant,**

**Nos. A–6097, A–6107.**

Court of Appeals of Alaska.

Feb. 6, 1998.

Thomas E. Fenton, Fairbanks, for Appellant & Cross–Appellee.

James L. Hanley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee & Cross–Appellant.

Before COATS, C.J., and MANNHEIMER, J., and RABINOWITZ, Senior Supreme Court Justice.*

## OPINION

MANNHEIMER, Judge.

During the 1994 legislative session, the Alaska Legislature amended this state's juvenile delinquency laws. *See* SLA 1994, chapter 113. Prior to the 1994 amendments (with a few exceptions not pertinent here), when a person under the age of 18 violated the criminal law, they were dealt with under the juvenile delinquency provisions of former AS 47.10. However, in SLA 1994, ch. 113, sec. 6, the legislature enacted former AS 47.10.010(e). Under this statute, proceedings against 16– and 17–year–olds who committed certain serious felonies would no longer be governed by the delinquency laws; instead, these persons would be prosecuted as adults and, if found guilty, punished as adults. The specified felonies were: (1) any crime against a person that is either an unclassified felony or a class A felony, and (2) first-degree arson. *See* former AS 47.10.010(e).[1]

This appeal involves a constitutional challenge to the legislature's action. Nao contends that the legislature exceeded its constitutional powers when it enacted former AS 47.10.010(e). He asserts that this statute conflicted with the Delinquency Rules promulgated by the Alaska Supreme Court, and he further asserts that the statute was not enacted in accordance with the procedures specified in Article IV, Section 15 of the

---

* Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

1. In 1996, the legislature divided former AS 47.10 into two chapters. AS 47.10 now contains the statutes governing children in need of aid, while AS 47.12 contains the juvenile delinquency laws. *See* SLA 1996, ch. 59. The statute at issue in this appeal, former AS 47.10.010(e), has been replaced by AS 47.12.030(a). However, the new statute codifies the same rule as the old: the delinquency laws do not apply to 16– and 17–year–olds who commit an unclassified felony against a person, a class A felony against a person, or first-degree arson. *See* AS 47.12.030(a)(1)-(2).

Alaska Constitution for legislative amendments to court rules.[2]

■ As explained in more detail below, we reject Nao's characterization of the legal effect of former AS 47.10.010(e). This statute did not alter matters of procedure; rather, it altered the coverage of the juvenile delinquency laws. Former AS 47.10.010(e) changed the criminal penalties that 16– and 17–year–olds faced for certain criminal acts, and it changed the scope of the superior court's juvenile jurisdiction over 16– and 17–year–olds. Such changes are within the province of the legislature; we uphold the statute as a valid exercise of legislative power.[3]

On November 9, 1994, Daniel K. Nao, III, participated in an armed robbery in Fairbanks. Nao was 17 years old at the time. Pursuant to former AS 47.10.010(e), Nao was prosecuted as an adult; a Fairbanks grand jury indicted him for first-degree robbery, AS 11.41.500(a), and second-degree theft, AS 11.46.130(a).

Nao asked the superior court to order the State to prosecute him as a juvenile. Nao argued that former AS 47.10.010(e) was unconstitutional because (1) the statute addressed matters of procedure, (2) it conflicted with the Delinquency Rules promulgated by the Alaska Supreme Court, and (3) it had not been passed by a two-thirds' majority of the legislature for the specified purpose of amending the Delinquency Rules. *See* Article IV, Section 15 of the Alaska Constitution,

as interpreted in *Leege v. Martin*, 379 P.2d 447, 451 (Alaska 1963).

Superior Court Judge Neisje J. Steinkruger rejected Nao's argument and concluded that former AS 47.10.010(e) was "substantive" rather than "procedural" for purposes of Article IV, Section 15. Employing the legal analysis formulated by the supreme court in *Nolan v. Sea Airmotive*, 627 P.2d 1035, 1040–43 (Alaska 1981), Judge Steinkruger found that the main effect of former AS 47.10.010(e) was a jurisdictional change: the statute removed a group of offenders from the superior court's juvenile jurisdiction and declared that these offenders would now be tried as adults under the superior court's criminal jurisdiction. Judge Steinkruger recognized that this jurisdictional change inevitably meant that the proceedings against these offenders would be governed by different procedural rules—by the Criminal Rules instead of the Delinquency Rules. But the judge concluded that former AS 47.10.010(e) did not change any of the Delinquency Rules. Rather, the statute redefined the type of litigation to which the Delinquency Rules apply.

■ On appeal, Nao renews his argument that former AS 47.10.010(e) was an improper legislative attempt to change the Delinquency Rules—improper because the statute was not passed in accordance with the procedural requirements of Article IV, Section 15. However, the amendment to AS 47.10.010(e) did not change the procedural rules governing delinquency proceedings. Rather, it nar-

**2.** Article IV, Section 15: "Rule–Making Power. The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house."

**3.** Nao also attacks AS 47.10.010(e) on due process grounds. As explained below, we conclude that Nao has waived this due process attack by failing to adequately brief it.

In addition, both Nao and the State appeal different aspects of the trial judge's ruling that one clause of AS 47.10.010(e) was unconstitutional. Under AS 47.10.010(e), and under its current successor, AS 47.12.030(a), a minor who is charged with one of the listed serious felonies

is tried as an adult; but if the minor is ultimately convicted of some lesser crime, then the minor is eligible for disposition under the juvenile delinquency laws, provided that the minor proves his or her amenability to juvenile treatment. The trial judge ruled that, to the extent AS 47.10.010(e) made the minor shoulder the burden of proving amenability to juvenile treatment, the statute violated the equal protection clause of the Alaska Constitution. However, the judge also ruled that this clause was severable from the rest of the statute.

The State appeals the judge's conclusion that the burden-shifting clause was unconstitutional, while Nao appeals the judge's ruling that the clause was severable. Both Nao's arguments and the State's arguments are now moot. We recently held that the burden-shifting clause is constitutional. *See State v. Ladd*, 951 P.2d 1220 (Alaska App.1998).

rowed the definition of the legal matters that would be pursued as delinquency proceedings—thus redefining the class of cases to which the Delinquency Rules apply.

Chapter 12 (formerly chapter 10) of Title 47 contains the statutes that govern proceedings against minors who are alleged to have violated the criminal law, as well as the statutes that prescribe the penalties to be imposed if the minor is found guilty. These statutes reflect a "benevolent attitude that the legislature [shows] toward more youthful offenders". *Henson v. State*, 576 P.2d 1352, 1354 (Alaska 1978). The concept that underlies Alaska's juvenile delinquency laws is that, generally, "a person under eighteen years of age does not have mature judgment and may not fully realize the consequences of [their] acts". *P.H. v. State*, 504 P.2d 837, 841 (Alaska 1972). For this reason, the delinquency laws insulate a youthful offender from a public trial. *See* AS 47.12.110(a); *see also* AS 47.12.040(a) and 47.12.060 (allowing informal adjustment of a criminal charge against a minor). These laws impose penalties that are geared toward individual treatment and reformation rather than general deterrence and condemnation. *See* AS 47.12.120 and 47.12.140. Moreover, these laws require that the records of delinquency proceedings be kept confidential for most purposes, so that youthful offenders "[will] not ... bear the stigma of a criminal conviction for the rest of [their] life". *P.H.*, 504 P.2d at 841; *see* AS 47.12.180 and 47.12.300–310.[4]

In our government of divided powers, the legislature defines crimes and establishes punishments. *See* 21 Am.Jur.2d, "Criminal Law", §§ 10–11. The Alaska Supreme Court explicitly recognized this principle in *Alex v. State*, 484 P.2d 677, 685 (Alaska 1971):

Save only as limited by constitutional safeguards, the legislature may choose any reasonable means to protect the people from the violation of criminal laws. In general, the comparative gravity of offenses and their classification and resultant punishment is for legislative determination.

In the juvenile delinquency statutes, the legislature has established a different, more lenient set of consequences for youthful offenders who violate the criminal law. The Alaska Supreme Court has recognized that it is the legislature's province to decide when—and specifically, to which offenses—these different consequences will apply.

In *State v. G.L.P.*, 590 P.2d 65, 67 (Alaska 1979), a minor was charged with misdemeanor joyriding as an adult in district court. The district court dismissed the charge because the court concluded that the minor's offense was governed by the juvenile delinquency laws; the court therefore directed the State to file a delinquency petition in superior court. *Id.* at 66–67. On appeal, the supreme court reversed the district court and held that the minor should be prosecuted as an adult—because the legislature did not intend for the juvenile delinquency laws to apply:

Read together, [former] AS 28.35.010(d) and [former] AS 47.10.010(b) demonstrate a clear legislative intent to exclude from the coverage and requirements of the juvenile code those cases involving alleged misdemeanor violations of Alaska's "joyriding" statute by persons under eighteen years of age.

*G.L.P.*, 590 P.2d at 67.[5]

■ Thus, it is the legislature's province to decide which prosecutions shall be governed by the normal criminal laws and which shall be governed by the juvenile delinquency laws. For example, in *M.O.W. v. State*, 645 P.2d 1229, 1234 (Alaska App.1982), this court held that a minor can not elect to be treated as an adult when the legislature has prescribed juvenile penalties for the minor's violation of criminal law.

---

4. We note that the legislature recently altered the traditional confidentiality of juvenile proceedings and information concerning juvenile offenders. *See* SLA 1997, ch. 64, §§ 2–6, 8–9, enacting amendments to AS 47.12.110, AS 47.12.300, AS 47.12.310, and AS 47.12.315, as well as Delinquency Rule 3(c).

5. The two dissenters in *G.L.P.* disagreed with the majority's interpretation of the pertinent statutes, but the dissenters agreed with the majority that the issue facing the court was to determine the legislature's intent. *G.L.P.*, 590 P.2d at 70–71.

Courts from other states have reached the same conclusion. For example, in *People v. J.S.*, 103 Ill.2d 395, 83 Ill.Dec. 156, 162, 469 N.E.2d 1090, 1096 (1984), the Illinois Supreme Court stated:

> We believe that the legislature, by lowering the age for juvenile court jurisdiction in relation to certain crimes, is not usurping a judicial function, but [is] redefining the applicability of a statute which it created under its legislative power.

*Accord, Washington v. State*, 642 So.2d 61, 63 (Fla.App.1994) ("The legislature has absolute discretion to determine whether an individual charged with a particular crime is entitled to the benefit of the juvenile justice system."). *See also State v. Berard*, 121 R.I. 551, 401 A.2d 448, 453 (1979) (upholding the authority of the legislature to exclude certain age groups from the coverage of the juvenile delinquency laws).

Alaska Delinquency Rule 1(b) declares that the Delinquency Rules "govern practice and procedure ... in all phases of delinquency proceedings brought under AS 47.12.020." The referenced statute, AS 47.12.020 (the successor to former AS 47.10.010) specifies which offenses are to be prosecuted as delinquency matters:

> *Jurisdiction.* Proceedings relating to a minor under 18 years of age ... are governed by this chapter, except as otherwise provided in this chapter, when the minor is alleged to be ... a delinquent minor as a result of violating the criminal law of the state or a municipality of the state.

In sum, the Delinquency Rules themselves declare—in Rule 1(b)—that they apply only to "proceedings brought under AS 47.12.020", and AS 47.12.020 explicitly provides that the coverage of the delinquency laws can be modified by the other sections of AS 47.12. Because of this, no change in the Delinquency Rules is required when the legislature enacts or amends a provision of AS 47.12 to expand or narrow the categories of offenses that will be prosecuted in delinquency proceedings. If, under the provisions of AS 47.12, an offense is to be prosecuted under the adult criminal laws and not the delinquency laws, then the Alaska Delinquency Rules do not apply to the proceeding.

For these reasons, we reject Nao's contention that the legislature's amendment of the juvenile delinquency laws violated Article IV, Section 15 of the Alaska Constitution. The amendment to former AS 47.10.010(e) did not alter the Delinquency Rules; rather, it redefined the coverage of the delinquency laws (by declaring that these laws do not apply to 16- and 17-year-olds who commit the listed serious felonies). The Delinquency Rules continue to apply to juvenile delinquency proceedings, while the Criminal Rules continue to apply to criminal prosecutions. The amendment to former AS 47.10.010(e) was a valid exercise of the legislature's power to establish the punishment for crimes, to define the scope of juvenile jurisdiction, and to define the substantive rights of those who are accused of breaking the criminal laws.

■ Nao also claims that former AS 47.10.010(e) granted unconstitutional powers to the executive branch of government (specifically, prosecuting authorities). Nao points out that, under former AS 47.10.010(e), the charge brought against a minor determines whether the criminal or juvenile rules of procedure will apply to the prosecution. Nao asserts that it is unconstitutional to have defendants' procedural rights hinge on the charge brought against them.

We reject Nao's argument. First, under Article I, Section 8 of the Alaska Constitution, the executive branch does not have unbridled discretion to pursue felony charges; all felony defendants (including 16- and 17-year-old defendants) are entitled to have their charges screened by a grand jury before proceedings can commence in the superior court. Second, and more important, prosecutors have traditionally been vested with wide-ranging discretion as to whether to bring criminal charges and, if so, what charges to bring. *Surina v. Buckalew*, 629 P.2d 969, 973 (Alaska 1981) (citing *Burke v. State*, 624 P.2d 1240, 1246 (Alaska 1980)). This charging discretion is part of our system of government, even though a defendant's procedural rights may hinge on the prosecutor's charging decision.

Even before the passage of former AS 47.10.010(e), the juvenile delinquency laws

did not apply to minors who were charged with certain misdemeanors—misdemeanors involving possession or consumption of alcohol, traffic offenses, fish and game offenses, or violations of the statutes and regulations governing parks and recreation facilities. *See* former AS 47.10.010(b), now AS 47.12.030(b). Thus, the prosecutor's decision to charge a minor with one of the enumerated crimes determined whether the juvenile delinquency laws or the normal criminal laws governed the minor's trial and punishment. After the 1994 amendment (that is, after the enactment of former AS 47.10.010(e)), the juvenile delinquency laws no longer apply to minors who are charged with certain felonies. But the underlying principle remains the same: procedures and punishments vary according to the charge brought against the minor, and the decision as to the appropriate charge rests with the prosecuting authority.

Nao argues that this state of affairs is unconstitutional, but he cites no pertinent legal authority in support of his argument. In fact, legal authority is against him. In *Davis v. Municipal Court,* 46 Cal.3d 64, 249 Cal.Rptr. 300, 311, 757 P.2d 11, 23 (1988), the court rejected the contention

> that a district attorney improperly exercises "judicial authority" in violation of the separation-of-powers doctrine when he exercises his traditional broad discretion, before charges are filed, to decide what charges ought to be prosecuted, even when that charging decision affects the defendant's eligibility for [pre-trial] diversion.

In *Matter of Welfare of L.J.S.,* 539 N.W.2d 408, 411–12 (Minn.App.1995), the court held that a prosecutor's power to bring criminal charges against juveniles of a certain age who violated specified statutes was simply an instance of the prosecutor's historical charging discretion. The court noted that "[c]ourts in most other jurisdictions have ... rejected separation-of-powers challenges to statutes giving a prosecutor absolute or conditional discretion to charge a juvenile as an adult." *See also United States v. Batchelder,* 442 U.S. 114, 125, 99 S.Ct. 2198, 2205, 60 L.Ed.2d 755, 765 (1979) ("The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone,

does not give rise to a violation of the Equal Protection or Due Process Clause."); *State v. Larson,* 159 Ariz. 14, 764 P.2d 749, 752 (Ariz. App.1988) (declaring that it does not matter if the prosecutor's charging decision affects the penalties to which the defendant is subject at sentencing).

For these reasons, we reject Nao's contention that former AS 47.10.010(e) gave unconstitutional charging discretion to the executive branch.

Nao brings one more attack against AS 47.10.010(e). In a single paragraph, with no citation to any pertinent legal authority, Nao argues that former AS 47.10.010(e) violated the due process clause because "[i]t is not rational to give the executive [branch of government] blanket discretion based on a charging decision". To the extent that Nao is arguing anything different from the legal issues we have just discussed, we find that his arguments are waived because they are inadequately briefed.

The judgement of the superior court is AFFIRMED.