243 A.2d 759.

IN RE GERALD CORREIA.

JUNE 27, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. The above-named minor, born May 26, 1949, has been intermittently subject to supervision by child welfare services since May 27, 1960. This placement was made by a judge of the then juvenile court[1] on his finding that the boy was a dependent child within the meaning of G. L. 1956, §14-1-34.

It appears that for the next two years Gerald prospered under such supervision and was returned to his home in April, 1962. It further appears that thereafter while residing at home with his mother the boy presented no community problem until 1964, when on March 31 of that year he was referred to the family court (see footnote 1), by the Providence police on five counts of bicycle theft. In connection with these and several subsequent referrals for alleged larceny, a family court justice on November 16, 1965, ordered Gerald detained at the Rhode Island Training School for Boys for evaluation. On January 3, 1966,

---

[1]By the enactment of P. L. 1944, chap. 1441, later G. L. 1956, chap. 10 of title 8, the general assembly established a juvenile court, consisting of a chief judge and an associate judge as a separate entity within the judicial system. However, with the enactment of P. L. 1961, chap. 73, now G. L. 1956, chap. 10 of title 8, as amended, there was established the family court within which was vested the jurisdiction theretofore exercised by the juvenile court, which latter tribunal the family court replaced. P. L. 1961, chap. 73, sec. 14 now G. L. 1956, §8-10-43, as amended.

he was brought before the family court, ordered released and remanded to the custody of child welfare services. Subsequently the Providence police again referred him to the family court, and on June 21, 1966, a justice of that court found him to be wayward and ordered him detained at the Rhode Island Training School for Boys, pending further order of the court. Some five days later, he left the school without permission and allegedly committed the offense of larceny from the person. The Providence police referral in this instance was accompanied by a petition seeking to have the family court waive its jurisdiction as authorized by G. L. 1956, §14-1-7. This section provides:

"If a child sixteen (16) years of age or older is charged with an offense which would render said person subject to indictment if he were an adult, a judge of the juvenile court after full investigation, may waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult."

A hearing was held on the petition for waiver at which Gerald was represented by counsel who urged the court to decline to waive jurisdiction. An assistant city solicitor, representing the Providence police department, argued in favor of granting the petition. The family court justice before whom the hearing was held took the matter under advisement, and thereafter certified to this court[2] the question

---

[2] The record indicates that the question was certified on the authority of G. L. 1956, §9-24-26. However, we consider this to be an inadvertence since the cited section was repealed by P. L. 1965, chap. 55, sec. 42. Unquestionably, the family court justice was relying on §9-24-27, as amended, and we treat his certification as though the record so indicated. See *Rondoni v. Sherman*, 90 R. I. 322, 158 A.2d 267.

Section 9-24-27, as amended, provides: "Whenever in any proceedings, civil or criminal, legal or equitable, in the superior court or in any district court, any question of law shall arise, or the constitutionality of an act of the general assembly shall be brought in question upon the record, which in the opinion of the court, or in the opinion of the attorney-general, if the state be a party to such proceeding or if he has intervened therein, is

of whether the provisions of said §14-1-7 are repugnant to the due process and equal protection clauses of the state and federal constitutions.

The issue presented for our consideration does not involve a challenge to the right of the general assembly to authorize the family court to waive its jurisdiction over juveniles 16 years of age or older. No such challenge could be validly made for the reason that the general assembly could, in the exercise of its wisdom, withhold the protection of parens patriae from all juveniles exceeding 15 years of age and what the legislature may do absolutely it may do conditionally, provided that the conditions prescribed are applicable in like manner to every child in the class affected. *Berberian* v. *Lussier,* 87 R. I. 226, 139 A.2d 869, and *Imperial Car Rental Corp.* v. *Lussier,* 97 R. I. 168, 196 A.2d 728.

What is involved is the sufficiency of the standards provided by the general assembly to assure equal protection and due process to those juveniles regarding whom the family court is asked to waive jurisdiction. It is contended by counsel for Gerald that they are to be found, if at all, in the words "* * * after full investigation * * *." Continuing, counsel urges that this language establishes no standards whatsoever.

It is accepted practice, however, for a reviewing court to

of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, the court in which the cause is pending shall certify such question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined; provided, that no question shall be so certified in any criminal case where the defendant has not been released on bail."

We deem it advisable to note that although the quoted section makes no references to justices of the family court, such justices have been included therein, at least when exercising juvenile court jurisdiction, by the enactment of P. L. 1961, chap. 73, sec. 14, now G. L. 1956, §8-10-43, as amended.

give vitality to imprecise criteria by resorting to judicial construction whenever possible. *Nocera Bros. Liquor Mart, Inc.* v. *Liquor Control Hearing Bd.*, 81 R. I. 186, 100 A.2d 652. In *Kent* v. *United States*, 383 U. S. 541, 557, 86 S. Ct. 1045, 1055, 16 L. Ed. 2d 84, 95, the Supreme Court, passing on a District of Columbia juvenile court statute, the waiver provisions of which are strikingly similar to those contained in §14-1-7, held that the statutory requirement of a "full investigation" entitled Kent "* * * to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the Juvenile Court's decision. We believe that this result is required by the statute read in the context of constitutional principles relating to due process and the assistance of counsel."

It is to be noted that the District of Columbia statute reviewed in *Kent* expressly provides for representation by counsel. Similarly, the right of a juvenile to be represented by counsel in any hearing before a family court justice is expressly provided by §14-1-30, as amended. Moreover, §14-1-31 requires a justice of the family court holding any hearing involving a juvenile, to make available the services of the public defender, if, for financial reasons, services of private counsel are not readily available.

Furthermore, in addition to the minimum due process and fair play procedures mandated in *Kent,* the Supreme Court held that the critical process of waiving juvenile court jurisdiction was subject to meaningful review. It laid down general guidelines for the juvenile court to follow in waiving jurisdiction, placing pronounced emphasis on the requirements that the juvenile court waiver order demonstrate "* * * that the statutory requirement of 'full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review."

Assuming the exercise of its waiver jurisdiction in accordance with the requirements set forth in *Kent,* the decision in that case gives tacit approval to the constitutionality of §14-1-7. Such was the indication of this court in *Knott* v. *Langlois,* 102 R. I. 517, 231 A.2d 767.

In the last cited case, decided on a petition for habeas corpus some eleven months after the certification of the instant question, this court exhaustively reviewed the holding of the Supreme Court in *Kent,* commented on the historical and sociological implications of legislation rooted in solicitude for the protection of juveniles and concern for society generally, and concluded that the approved criteria in *Kent* were those applicable to the family court when called upon to exercise its waiver jurisdiction.

Moreover, in the exercise of our general supervisory power, we suggested that the family court promulgate a tentative rule delineating the controlling criteria. This suggestion was made 11 months after the certification of the instant question. Presumably, if our opinion in *Knott* had preceded the hearing held on the question of waiving jurisdiction of Gerald Correia, such hearing would have followed the guidelines in *Knott,* and the instant question would not have been certified.

The sequence having been otherwise, our answer to the certified question is a reaffirmance of the principles enunciated in *Knott.*

*Herbert F. DeSimone,* Attorney General, *Luc R. La Brosse,* Special Assistant Attorney General, for petitioner.

*Leo Patrick McGowan,* Public Defender, *William F. Reilly,* Assistant Public Defender, for respondent.