**TOWN OF JOHNSTON**

v.

**Bernadette M. RYAN.**

**81–487–M.P.**

Supreme Court of Rhode Island.

Dec. 21, 1984.

tration proceeding such as that which is the subject of this petition for certiorari.

Walter R. Stone, Stone, Clifton & Clifton, Cynthia M. Hiatt, Com'n for Human Rights, Providence, for petitioner/plaintiff.

William H. Corrente, Asst. Town Sol., for respondent/defendant.

1. General Laws 1956 (1980 Reenactment) § 45-15-5 provides:·

   "Presentment to council of claim or demand against town.—Every person who shall have any money due him from any town or city, or any claim or demand against any

OPINION

KELLEHER, Justice.

Pursuant to the pertinent provision of the Administrative Procedures Act, to wit, G.L. 1956 (1977 Reenactment) § 42–35–16, we have, at the request of Bernadette M. Ryan (Ryan), issued a statutory writ of certiorari to review a Superior Court judgment that vacated an order of the Rhode Island Commission for Human Rights (commission). On June 12, 1980, the commission found that the town of Johnston (town) had discriminated against Ryan on the basis of gender in respect to the compensation she was receiving.

Ryan had filed a complaint in early November 1977, and once the commission began its investigation, Johnston's mayor, Ralph R. aRusso, executed a written waiver of any statute-of-limitations defenses that would bar the prosecution of Ryan's claim. The litigants agree that neither Ryan nor the commission ever formally notified the town council about the initiation of the sex-discrimination complaint.

The commission, in its June 1980 decision and order, concluded that Ryan had substantiated her claim of sex discrimination because she had performed work that was "substantially equivalent" to the work performed by two male employees who had the title federal funds coordinator, but she was paid less. From that decision the town appealed to the Superior Court.

In reversing the commission's order, the Superior Court justice, who rejected most of the town's multifaceted appeal, did sustain the town's position that Ryan could not prevail upon her claim because of a failure to give the notice required by G.L. 1956 (1980 Reenactment) § 45–15–5.[1] The

town or city, for any matter, cause or thing whatsoever, shall take the following method to obtain the same, to wit: Such person shall present to the town council of the town, or to the city council of the city, a particular account of his claim, debt, damages or demand,

town's appeal was also sustained on the trial justice's conclusion that the mayor was not authorized to waive the statute-of-limitations defense on behalf of the town. This defense is embodied in G.L. 1956 (1979 Reenactment) § 28–5–18, which states that any complaint issued by the commission must be issued within one year after the alleged unfair-employment practice has been committed.

Ryan first claims that the trial justice erred in his reliance on § 45–15–5. She argues that since the relief sought from the town was primarily equitable in nature, § 45–15–5 did not apply. In support of this argument, Ryan relies on the holding in *Lonsdale Co. v. City of Woonsocket*, 25 R.I. 428, 56 A. 448 (1903).

In *Lonsdale*, the corporate plaintiff, a lower-riparian proprietor, sought an injunction for the abatement of a continuing trespass against the city of Woonsocket, the upper-riparian proprietor, as well as an accounting. On appeal to this court, the municipality argued that the plaintiff had failed to abide by the 1896 statutory predecessor [2] to § 45–15–5, which requires that any person who lodges a claim for money damages against a municipality shall first present to the local legislative body an account of the claim and how incurred or contracted, and if satisfaction is not made within forty days after the presentment of the claim, the person may commence suit against the treasurer. The court rejected the city of Woonsocket's argument on the basis that the 1903 dispute involved the equitable jurisdiction of the court, and thus the statute had no application. *Lonsdale Co. v. City of Woonsocket*, 25 R.I. at 443, 56 A. at 454.

■ As was pointed out in *La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights*, R.I., 419 A.2d 274, 280 (1980), the commission's enforcement pattern begins with an investigation by the commission's staff of the charges. If the investigation leads to a finding by the preliminary investigating commissioner of the probability that unlawful practices have been or are being engaged in, a conciliation route is pursued. If conciliation efforts fail, the commission can then issue a complaint. Thereafter, the commission can, after a hearing, issue a cease-and-desist order, direct the reinstatement or promotion of the person with or without back pay, or dismiss the complaint. Since most of the remedies available to the commission are equitable in nature, Ryan was not obligated to comply with the dictates of § 45–15–5.

Next, we must consider whether the trial justice erred in holding that the commission's failure to present the complaint to the town within one year, as mandated by § 28–5–18, was ground for reversal. Both during the initial proceedings before the commission and during the subsequent review hearing, considerable labors were devoted to determining the impact of the mayor's waiver. The town has claimed, and the trial justice agreed, that the waiver was without legal consequence because the mayor had no authority to exercise the waiver. Ryan, on the other hand, counters this reasoning with two separate arguments. She first insists that the town is estopped from asserting the defense of the statute of limitations because Mr. aRusso, as chief executive and administrative officer of the town, intentionally and specifically waived the town's right to assert the defense later. Then, relying on *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), Ryan asserts that she should not be deprived of a state-created right to redress discrimination on the basis of a procedural limitation, the one-year-limitation period for presentment of the complaint found in § 28–5–18,

---

and how incurred or contracted; which being done, in case just and due satisfaction is not made him by the town or city treasurer of such town or city within forty (40) days after the presentment of such claim, debt, damages or demand aforesaid, such person may com-

mence his action against such treasurer for the recovery of the same."

**2.** Through the years the 1896 language has remained unchanged.

over which she had no control. Because this latter contention adequately settles the issue of the effect of the limitation statute on this case, we see no reason to analyze or consider the estoppel argument.

In *Logan,* a complainant filed charges with the Illinois Fair Employment Practices Commission (Illinois commission), alleging that he had been discriminated against on the basis of a physical handicap unrelated to ability. At the time, the applicable Illinois law provided that once such a charge was filed, the Illinois commission was to hold a factfinding conference within 120 days. Through no fault of the complainant Logan, this conference was not held until 125 days after the filing of the complaint. The Illinois commission refused the respondent's motion to dismiss the complaint on this basis, but the Illinois Supreme Court subsequently held that the complainant's petition had to be dismissed because the Illinois commission failed to convene the conference within the "mandatory" 120 days. *Zimmerman Brush Co. v. Fair Employment Practices Commission,* 82 Ill.2d 99, 44 Ill.Dec. 308, 411 N.E.2d 277 (1980).

The United States Supreme Court reversed. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). The majority opinion characterized Logan's right to pursue a discrimination complaint as a species of property right protected by the due process clause of the Fourteenth Amendment. *Cf. Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L.Ed. 865, 873 (1950) (at a minimum the due process clause requires that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."). After observing that Logan's interest in pursuing his complaint was paramount to any interest the state might have in conducting conferences within 120 days, the Court concluded that dismissal of the complaint deprived Logan of his due process rights. In a footnote, the Court observed that it was not dealing with a case in which a claimant failed to comply with a reasonable procedural requirement. Rather, Logan argued that the state's failure to hold a hearing within 120 days after his filing of the complaint could not bar him from prosecuting his claim.

■ The analogy between *Logan* and the instant case is easily seen. Both in Illinois and in Rhode Island the state has created a right to redress employment discrimination. It is clear that such a right is a property interest protected by the Fourteenth Amendment's due process clause. In each case the statutory scheme directed the respective commissions to make its adjudicatory process comport with certain procedural requirements. Also in each case, through no fault of either complainant, there was no compliance with the limitation periods spelled out in the respective statutes, which failure to comply caused the dismissal of both Logan's and Ryan's complaints.

■ We are of the opinion that Ryan's due process rights were violated when the trial justice vacated the commission's order because the commission itself had failed to initiate proceedings against the town within one year after the unfair-employment practices were committed. Ryan should not be deprived of a state-created property right to redress discrimination because of a procedural limitation over which she had no control. As the decisions of the Court have consistently emphasized, "[T]he Due Process Clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged." *Logan,* 455 U.S. at 433, 102 S.Ct. at 1156, 71 L.Ed.2d at 276. It is such an opportunity that was denied Ryan even though she had no control over the commission's inability to satisfy the provisions of § 28–5–18.

In *Boddie v. Connecticut,* 401 U.S. 371, 377, 91 S.Ct. 780, 785, 28 L.Ed.2d 113, 118 (1971), the Court established that "absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judi-

cial process must be given a meaningful opportunity to be heard." We are not unmindful of the interests advanced by the one-year mandate dictated by § 28–5–18, for as this court noted in *Roadway Express, Inc. v. Rhode Island Commission for Human Rights,* R.I., 416 A.2d 673, 676 (1980), the mandatory time limit set forth in § 28–5–18 promotes prompt investigations and expedites attempts to conciliate alleged violations of the act. Those interests, however, as in *Logan,* must be balanced against the more substantial interests of Ryan, especially the property interest she has in redressing allegations of sex-based employment discrimination. In such a situation, the state's interests must yield to Ryan's interest in having an opportunity to be heard. Thus, despite the failure of the commission to comply with § 28–5–18, Ryan was entitled to have her claim considered in the Superior Court.

The petition for certiorari is granted, the judgment of the Superior Court is quashed, and the record in the case is remanded to the Superior Court with our decision endorsed thereon.[3]

---

**3.** The General Assembly at its January 1984 session recognized the plight of individuals such as Bernadette Ryan when it enacted P.L. 1984, ch. 31, § 1, which is now cited as G.L. 1956 (1979 Reenactment) § 28–5–24.1 (1984 Cum. Supp.). This legislation permits such an individual to terminate proceedings pending before the Commission for Human Rights and institute suit in the Superior Court where either side can seek a jury trial. The ability to terminate such proceedings is given to an individual who has filed a discrimination charge with the commission when the charge has been pending before the commission for a period of at least 120 days up until two years without the commission's having effected a settlement or begun a hearing on the individual's charge. The commission is required to comply with the termination request within thirty days of its receipt, and the individual terminating the charge is then obligated to institute suit within ninety days of the grant of the request. We would emphasize that the statute bars the grant of any request where the charge has been pending in a dormant status before the commission for over two years.