**RHODE ISLAND STATE POLICE**

v.

**Ronald E. MADISON et al.**

**No. 83-484-Appeal.**

Supreme Court of Rhode Island.

May 13, 1986.

Daniel J. Kinder, Thomas J. McAndrew, Powers & McAndrew, Providence, for plaintiff.

Walter R. Stone, Stone, Clifton & Clifton, Cynthia M. Hiatt, Comm. for Human Rights, Providence, for defendants.

## OPINION

SHEA, Justice.

This appeal seeks review of a Superior Court ruling on cross motions for summary judgment. The plaintiff, the Rhode Island State Police, appeals the grant of a motion for summary judgment in favor of the defendants and the denial of its motion for summary judgment. The issue presented is whether G.L.1956 (1979 Reenactment) § 28–5–24.1, as amended by P.L.1981, ch. 323, § 2, of the State Fair Employment Practices Act permits the Rhode Island Human Rights Commission to retain jurisdiction over a case in which a notice of right to sue has been granted, but an action has not been commenced by the requesting party within the ninety-day limitations period set forth in the statute. We believe that it does and we affirm the decision of the trial justice.

On June 8, 1982, defendants Ronald E. Madison, Robert Cruz, and the Providence chapter of the NAACP filed charges with the Rhode Island Commission for Human Rights (commission) against the Rhode Island State Police (State Police). The defendants alleged, among other things, that the State Police had discriminated against Madison and Cruz individually, and against black persons as a class, on the basis of race in hiring, promotion, training and special-assignment decisions.

On October 15, 1982, before the commission had concluded its investigation into the charges, the State Police filed a request for notice of right to sue regarding each of the three pending cases, pursuant to § 28–5–24.1.[1] At that time this statute allowed

---

1. General Laws 1956 (1979 Reenactment) § 28–5–24.1, as amended by P.L.1981, ch. 323, § 2, provides:

either party, through the use of a right to sue, to take the case out of the commission and into the Superior Court if the commission had been unsuccessful in settling the complaint within 120 days.[2] Under § 28–5–24.1, the grant of the right to sue "shall terminate all proceedings before the commission and shall give to the party the right to commence suit in the Superior Court within ninety (90) days after the granting of such request."

The State Police's request for a right to sue was granted on October 28, 1982, but it did not exercise its right to bring suit within the statutory ninety-day period. Subsequently, defendants requested the commission to reactivate its investigation because of the State Police's failure to institute an action pursuant to the right to sue. The plaintiff objected to the request and asserted that, under § 28–5–24.1, the commission no longer had jurisdiction over the matter.

The commission sought and obtained an advisory opinion on the jurisdictional issue from the Rhode Island Attorney General. The Attorney General's written reply stated:

"Section 28–5–24.1 must be interpreted as terminating proceedings before the Commission when suit is brought pursuant thereto. If suit is not timely brought the complaintant [sic] should be able to reactivate the Commission proceedings without the necessity of filing a new complaint. * * * [I]t cannot be presumed that the legislature intended to nullify the purpose of Chapter 28–5 by allowing a defendant, within a fraction of the time the Commission has to attempt to resolve the complaint, to ask to bring suit and then not do so, thus 'terminating' the

proceedings unilaterally, before the time provided by Commission action."

On May 17, 1983, the commission notified the parties that the investigation into the complaint of racial discrimination would be reopened.

On May 24, 1983, the State Police filed a complaint against defendants Madison, Cruz, the NAACP, and the commission, seeking, among other things, injunctive relief, a writ of mandamus, and declaratory judgment to prevent the commission from reopening its investigation into defendants' charges. Its request for a temporary restraining order was denied.

The trial justice found that he was presented with a question of law and that summary judgment was appropriate. He concluded that, in these circumstances, to interpret § 28–5–24.1 as meaning that the commission is without jurisdiction to reopen the investigation would impermissibly jeopardize defendants' constitutional rights and would violate legislative intent to provide an effective remedy for redressing discrimination. The trial justice stated that the "legislature never intended to provide respondents in discrimination actions with the ability to unilaterally terminate a claim any time the Commission failed to reach a settlement within 120 days by simply requesting a Notice of Right-to-Sue and then never bringing an action." The State Police's motion for summary judgment was denied as were its requests for injunctive relief, declaratory judgment, and a writ of mandamus. Summary judgment was entered for defendants.

Because the facts of this case are not in dispute and the issue upon which it must be resolved is purely a question of law, the trial justice correctly determined that the

"PROCEEDINGS IN SUPERIOR COURT.— If, within one hundred and twenty (120) days after a charge is filed, the commission is unable to secure an acceptable conciliation agreement, any party may ask for a right to sue, which shall be granted by the commission within thirty (30) days after receipt of such request. This shall terminate all proceedings before the commission and shall give

to the party the right to commence suit in the Superior Court within ninety (90) days after the granting of such request. Any party may claim a trial by jury. The Superior Court may make orders consistent with section 28–5–24."

2. Section 28–5–24.1 was subsequently amended by P.L.1984, ch. 31, § 1 to allow only the complainant to request and receive the right to sue.

matter was appropriate for summary judgment. The issue in this case is one of statutory construction, that is, whether § 28–5–24.1 permits the commission to retain jurisdiction over a case in which a notice of right to sue has been granted but an action has not been commenced by the requesting party within the ninety-day time limit.

▮ The State Police argues that § 28–5–24.1 absolutely precludes the commission from reopening the investigation because issuance of a notice of right to sue terminates all proceedings before the commission. According to the State Police, the Legislature's use of the word "terminate" is susceptible of one interpretation only—that proceedings before the commission come to an unreviewable end upon issuance of the right to sue. In essence, the State Police asserts that this statutory interpretation is constitutional because defendants lost their remedy due to their own inaction. The State Police analogizes the right-to-sue procedure to the removal of a case from a state court into federal court, so that the grant of its notice of right to sue would have automatically afforded a right to sue to defendants. Accordingly, defendants could have and should have filed suit in the Superior Court. Alternatively, the State Police argues that defendants should have filed for their own right to sue between the time they received notification of the State Police request and the time it was issued. The State Police also asserts that even though it was the party requesting and receiving the right to sue, it could not have been expected to institute an action in the Superior Court because it had no standing and would have essentially been suing itself. We disagree.

We believe that if we were to apply § 28–5–24.1 in the manner that the State Police recommends, this statute would be constitutionally infirm. Therefore, we decline to adopt the view that the grant of the right to sue absolutely terminates proceedings before the commission.

In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), the Supreme Court addressed a similar procedural problem in construing the state of Illinois Fair Employment Practices Act, Ill.Ann.Stat. ch. 48, §§ 851 through 867 (Smith-Hurd 1966). This statute established a commission to deal with complaints of employment discrimination on the basis of physical handicap unrelated to ability. Under the statute, the complainant had to file a complaint within 180 days of the alleged discrimination. The commission was then given 120 days within which to convene a factfinding conference. After the complainant had filed a timely complaint, the commission inadvertently failed to convene the conference within the 120-day period. The Illinois Supreme Court held that this failure deprived the commission of jurisdiction to consider the matter. The United States Supreme Court reversed, stating that a state-created "cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause." *Logan*, 455 U.S. at 428, 102 S.Ct. at 1154, 71 L.Ed.2d at 273 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Essentially, the Court held in *Logan* that the claimant had been deprived of an adjudication of his state-created cause of action to redress discrimination because of a procedural limitation over which he had no control. Because the commission's failure to hold the conference within 120 days resulted in the claimant's complete inability to obtain a hearing on the merits, the Supreme Court held that the statute, as interpreted by the Illinois court, was a violation of the due-process clause of the Fourteenth Amendment.

This court analyzed the *Logan* case and its effect on our own Fair Employment Practices Act § 28–5–18 in *Town of Johnston v. Ryan*, 485 A.2d 1248 (R.I.1984). In that case, the commission determined that the complainant had substantiated her gender bias claim against her employer. The commission, however, had failed to issue a complaint within one year after the alleged

unfair-employment practice had been committed, as was mandated by § 28–5–18. The trial justice dismissed the complaint on the basis of the limitations period contained in that section. We held that under *Logan*, this "state has created a right to redress employment discrimination * * * [and it] is a property interest protected by the Fourteenth Amendment's due process clause." *Town of Johnston*, 485 A.2d at 1251. This court concluded that this interest "should not be deprived * * * because of a procedural limitation over which [the complainant] had no control." *Id.*

We are of the opinion that the *Logan* and *Ryan* rationales are fully applicable to this case. If it were determined that the issuance of the right to sue to the State Police absolutely divested the commission of jurisdiction from that date forward, defendants would be deprived of a forum in which they could articulate their claim of alleged discrimination. It cannot be supposed that, in the first instance, the Legislature would have created a mechanism through which unfair-employment practices would be redressed, only to turn around and provide a means through which employers could unilaterally preclude a hearing on the merits of the discrimination charges. The express policy of the state is to "foster the employment of all individuals in this state in accordance with their fullest capacities, regardless of their race or color, religion, sex, physical handicap, or country of ancestral origin, and to safeguard their right to obtain and hold employment without such discrimination." Section 28–5–3.

In this case, defendants were not in any way responsible for the situation that brought about the termination of proceedings before the commission. The State Police requested and received a right to sue and then chose not to go to court. The right to sue, as it was embodied in § 28–5–24.1, was requested by and issued to *a party*, not to both parties. Section 28–5–24.1 states that the right to sue "shall give to *the party* the right to commence suit in

the Superior Court within ninety (90) days after the granting of such request." (Emphasis added.) We find the analogy to removal inappropriate. Furthermore, according to the commission, its practice has been to issue the notice within a day or two of request.[3] We believe that this effectively foreclosed the ability of defendants to counterfile for a right to sue, and in any event we find no basis in the right-to-sue provision for stating that defendants had an obligation to do so. In short, we find the State Police's assertion that defendants in effect sat on their hands without pursuing the legal alternatives open to them to be wholly without merit. We also find it necessary to point out that had the State Police chosen to go to court, it would have had standing to request, for example, a declaratory judgment that it did not engage in discriminatory practices. To permit the State Police to prevail in its argument would amount to allowing the use of sleight of hand in an attempt to make the complaint disappear.

Having concluded that defendants were not responsible for triggering the procedural limitation that terminated the commission's jurisdiction, we are persuaded that the operation of the statute, as interpreted by the State Police, would create precisely the type of due-process violation prohibited in *Logan* and *Ryan*. In this case defendants would lose not only the opportunity for a decision on the merits of their claims but also the opportunity for judicial review of the termination of proceedings because the termination would occur through operation of law and not by decision. This result is both absurd and patently unconstitutional and "the Legislature should never be presumed to enact laws that lead to absurd or unreasonable results." *Trembley v. City of Central Falls*, 480 A.2d 1359, 1363 (R.I.1984).

We are not unmindful of our observation in *Ryan* that § 28–5–24.1 had been enacted to alleviate the harsh procedural result that could have occurred when the commission

---

**3.** The commission has thirty days within which to issue the right to sue under § 28–5–24.1.

failed to comply with the one-year limitations period set forth in § 28–5–3, nor can we ignore the Legislature's subsequent amendment of § 28–5–24.1, which should, in the future, foreclose the kind of procedural problem encountered in *Ryan* and in this case. Section 28–5–24.1, as amended by P.L.1984, ch. 31, § 1, now provides:

"[A] complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than (2) years have elapsed from the date of filing of a charge, if the commission has been unable to secure a settlement agreement or conciliation agreement and if the commission has not commenced hearing on a complaint. The commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings before the commission and shall give to the complainant the right to commence suit in the Superior Court within any county as provided in § 28–5–28 within ninety (90) days after the granting of such request. Any party may claim a trial by jury. The Superior Court may make orders consistent with § 28–5–24."

After June 1, 1984, only claimants are entitled to a right to sue from the commission so that respondents thereafter will be unable to manipulate the right-to-sue provision to defeat the adjudication of unfair employment claims.

 In a situation in which a statute may have two meanings, one of which poses serious constitutional questions and the other of which is free of such difficulties, the latter should be adopted. *In re Advisory Opinion to House of Representatives*, 485 A.2d 550 (R.I.1984); *In re Correia*, 104 R.I. 251, 243 A.2d 759 (1968); *Murphy v. Director of Public Works*, 103 R.I. 451, 238 A.2d 621 (1968). As the Court said in *Logan*, "the Due Process Clause grants the aggrieved party the opportunity to present [its] case and have its merits fairly judged." *Logan*, 455 U.S. at 433 102 S.Ct. at 1156, 71 L.Ed.2d at 276. We find that

the *Logan* and *Ryan* cases, considered together with the Fair Employment Practices Act and its express legislative purpose to eradicate discrimination in the workplace, mandate that § 28–5–24.1 be interpreted to allow the commission to resume its investigation into the defendants' discrimination complaint against the State Police.

For these reasons, the plaintiff's appeal is denied and dismissed. The summary judgment entered by the Superior Court is affirmed, and the papers of this case are remanded to the Superior Court.