James LANGEVIN, in His Official
Capacity as Secretary of State of
the State of Rhode Island

v.

Roger BEGIN, in His Official Capacity
as Chairman of the Rhode Island
State Board of Elections et al.

Joseph DeLUCA et al.

v.

Michael CLEMENTS, City Clerk of
the City of Providence, et al.

Nos. 96–444–M.P., 96–445–M.P.

Supreme Court of Rhode Island.

Oct. 1, 1996.

John T. D'Amico, Jr., Richard Riendeau, Providence, for Plaintiff in No. 96-444-M.P.

Katherine Merolla, Thomas Dickinson, Anthony A. Giannini, Jr., Providence, for Defendant in No. 96-444-M.P.

Robert E. Craven, Anthony A. Giannini, Jr., Providence, for Plaintiff in No. 96-445-M.P.

Joseph Laria, Jr., Claire J. Richards, John D'Amico, Richard Riendeau, Keven McKenna, Providence, for Defendant in No. 96-445-M.P.

## OPINION

WEISBERGER, Chief Justice.

These consolidated cases came before this court on petitions for certiorari seeking review of a decision by the State Board of Elections (the board) ordering Michael Clements, the City Clerk of the City of Providence (the city clerk), to forward to James Langevin, the Secretary of State for the State of Rhode Island (the Secretary of State), for placement on the November 5, 1996 general-election ballot the following question: "Shall a gambling facility and/or activity be established in the City of Providence?"

On June 6, 1996, the City Council of the City of Providence (the council) voted eight to six in favor of having the Board of Canvassers of Providence and the Secretary of State place the question on the November 5, 1996 ballot. On June 16, 1996, Vincent A. Cianci, Jr., the Mayor of the City of Providence, vetoed the council's proposal. The council's resolution was returned to the city clerk, who refused to forward the resolution to the Secretary of State for placement on the ballot. However, an unauthenticated copy of the council's resolution (which lacked the signature of the president and the city

clerk as required by § 414 of the charter) was forwarded to the Secretary of State, who declined to place the measure on the ballot.

The petitioner below Councilman Joseph DeLuca (DeLuca), the sponsor of the council's resolution, joined by 105 voters, challenged the Secretary of State's decision before the board, claiming that their collective right to vote on the issue of gambling had been denied. The board held that the mayor's veto was without effect and therefore ordered the city clerk to forward the resolution to the Secretary of State for placement on the November 5, 1996 ballot. This court issued the writs of certiorari August 16, 1996. After hearing oral argument on September 5, 1996, we issued an order that same day, granting the petition for certiorari and quashing the decision of the board. This opinion sets forth the reasons for said order.

Article XIII of the Rhode Island Constitution grants the opportunity for home rule to each city and town in Rhode Island. On September 18, 1980, the city of Providence adopted its current home rule charter, confirmed and enacted pursuant to P.L.1981, ch. 37. Under the mayor/council form of government established by the charter, all powers are "vested in a chief executive to be known as the mayor and a legislative body to be known as the city council." Providence Home Rule Charter of 1980, § 105. Under the charter any resolution or ordinance passed by the council is to be transmitted by the city clerk to the mayor for his approval or veto. Section 412. Upon final passage (signature by the mayor, override of his veto, or the passage of time without veto) the ordinance or resolution is finally authenticated by the signature of the president and the city clerk and is recorded by the city clerk. Section 414. Only upon completion of this final step has a resolution been formally "adopted" under the procedures required by the city charter.

General Laws 1956 § 41–9–4 allows a town or city council, by "adopting a resolution," to place the question of establishing a gambling facility in that city or town before the local and state voters. Counsel for De-Luca argues that only a vote of the council itself was necessary to adopt a resolution for the purposes of § 41–9–4. We do not agree. The word "adopt" is defined as "[t]o accept, consent to, and put into effective operation." Black's Law Dictionary 49 (6th ed. 1990). Webster's Third New International Dictionary 29 (unabr. 1961) similarly defines the word as "to accept formally." In the case at bar the city council's vote did not cause the resolution to become effective, as the initial vote to approve the resolution was not followed by final passage pursuant to §§ 412 and 414 of the charter. In summary, we hold that the Legislature had no intention in enacting § 41–9–4 to overrule or to supersede the provisions obtaining in each municipality for the adoption of a resolution. Thus in the city of Providence, the phrase "adopting a resolution" was intended to include all the provisions under the Providence Home Rule Charter that would be required in order to achieve final passage of such resolution. By adopting this understanding of § 41–9–4 we need not address the constitutional issue counsel for DeLuca raises in suggesting that the Legislature's use of "adopting a resolution" was designed to overrule local-government procedures adopted pursuant to article XIII of the Rhode Island Constitution. See Rhode Island State Police v. Madison, 508 A.2d 678, 683 (R.I.1986) ("[i]n a situation in which a statute may have two meanings, one of which poses serious constitutional questions and the other of which is free of such difficulties, the latter should be adopted"). Since the resolution was not formally adopted pursuant to the 1980 Home Rule Charter of the City of Providence, the city clerk acted correctly in not forwarding a copy of the proposed resolution to the Secretary of State, and the Secretary of State acted correctly in refusing to accept an unauthenticated copy of the proposed resolution.

For the purposes of this opinion we have assumed that the voters who evoked the authority of the board had standing and that the board had subject-matter jurisdiction to consider the issue. Because we have concluded that the proposed resolution was never formally adopted by the council, we need not reach any of the other contentions raised by the parties, nor do we express any opinion on them.

For the reasons set forth above, the petition for certiorari was granted and the order of the board of elections quashed by our order dated September 5, 1996. The papers in the case may be remanded to the State Board of Elections with our decision endorsed thereon.