DECISION
In this jury-waived civil action the plaintiff, Brown University ("Brown"), seeks declaratory and equitable relief to invalidate its written waiver and agreement to extend a statutory limitation period in a proceeding before the defendant Rhode Island Commission for Human Rights ("the Commission"). The plaintiff has concluded its presentation of evidence and the Commission has moved under Rule 52 (c) for entry of judgment as a matter of law.
Most of the facts in this case are undisputed. Although the defendants have not presented their evidence in a case-in-chief, all of their material witnesses have testified. Except for one area of fundamental disagreement, this Court is able to make out quite clearly what happened here. These facts are substantially undisputed:
 1. On March 28, 1994, Henry O. Kingsbury (Kingsbury) filed a charge of discrimination in employment against Brown because of his handicap pursuant to R.I.G.L. § 28-5-17, as amended, and § 42-87-2, as amended.
 2. The period of time during which the defendant Commission could issue a complaint based on Kingsbury's charge under § 28-5-18, as then in effect, had been waived and extended voluntarily by the plaintiff, as a respondent before the Commission, in writing, from time to time, to and including August 29, 1996.
 3. On July 16, 1996, the investigator for the Commission, to whom the charge had been assigned, recommended that probable cause existed for the issuance of a formal complaint against Brown. The recommendation report was finally reviewed by the executive director of the Commission, Eugene Booth (Booth), on August 20, 1996. He forwarded the recommendation to one of the commissioners on that date for a final decision whether or not to issue a complaint.
 4. On the same date, Commissioner Randolph Lowman found that there was probable cause to issue a formal complaint.
 5. On August 23, 1996, Booth requested by telephone that counsel for the plaintiff, Beverly Ledbetter (Ledbetter), execute a further waiver extending the time for issuing a complaint to February 26, 1997.
 6. Ledbetter agreed and on the same day she executed a waiver in writing, as requested, extending such time to February 26, 1997.
 7. On September 4, 1996, Booth notified Brown that on August 20, 1996, the "preliminary investigating commissioner" had determined that there was probable cause to believe that Brown had violated the Fair Employment Practices Act.
 8. On September 12, 1996, Ledbetter responded on behalf of Brown that she would not have agreed to extend the time for issuing a complaint on August 23, 1996, if she had known that probable cause had already been determined on August 20, 1996. She attempted to revoke the extension granted on August 23, 1996 and expressed Brown's intention to assert the defense of the statute of limitations.
 9. On September 30, 1996, the Commission, by its executive director, Booth, issued its complaint against the plaintiff alleging that, if Kingsbury's allegations were true and if Brown did not have a legitimate defense, then Brown was guilty of discrimination, and set a hearing date of February 4, 1997, on the complaint.
As to exactly what transpired on August 23, 1996, and what the consequences of those events may be, the evidence is conflicting and there is vigorous dispute among the parties. Based on the Court's evaluation of the conflicting evidence, the following additional facts are found to have been proved by a fair preponderance of the evidence:
 10. At the time Booth spoke to Ledbetter on August 23, 1996, he did not know that Commissioner Lowman had already found probable cause.
 11. Booth did not intend to deceive or mislead Ledbetter when he requested that she extend the time for filing a complaint.
 12. Ledbetter did not inquire of Booth, when he requested the extension, what was the status of the case in the Commission.
 13. Ledbetter did not know on August 23, 1996, that the Commissioner had made a finding of probable cause on August 20, 1996.
 14. Had she known, she could have refused to extend the time to issue a complaint.
 15. Had Ledbetter refused to execute the waiver and extension on August 23, 1996, the Commission could have issued a timely complaint.
 16. Ledbetter did not disclose to Booth that, at the time she agreed to the extension, she understood that no finding of probable cause had already been made.
 17. Had Booth been aware that Commissioner Lowman had signed off on probable cause he would have so advised Ledbetter.
 18. The execution of the waiver by Ledbetter was the result of the mutual mistake of both Ledbetter and Booth.
 19. The interests of an innocent third party, Kingsbury, are at stake in this litigation, because if the waiver is invalidated as mistakenly granted, the plaintiff can successfully assert that the applicable limitation period has run. Kingsbury's right under the Act would, therefore, be lost through no fault on his part.
The Court concludes the following matters of law:
 1. The waiver executed by Ledbetter on behalf of Brown on August 23, 1996, was not an executory agreement which had elements of future performance by any party. It was a completed act of binding force as soon as it was executed. It was a result of the mutual mistake of the parties as to the then current status of the matter before the Commission, but not of any mistake on the part of Ledbetter as to the nature and consequences of the document she was executing. Her execution of the waiver was not obtained by fraud, duress or coercion, nor was she deceived as to nature of the document she was executing. Her act was thoroughly voluntary, even if it was based on a mistaken impression of the circumstances with regard to the finding of probable cause.
 2. The waiver cannot be rescinded, because the parties cannot be fairly restored to the positions they respectively occupied at the time the waiver was executed. Turner v. Domestic Investment Loan Corporation, 119 R.I. 29, 33, 375 A.2d 956 (1977).
 3. It would not be equitable to invalidate the waiver, because to do so would adversely affect the constitutionally protected interests of Kingsbury, an innocent third party. Turner v. Domestic Investment Loan Corporation, supra.
 4. No substantive harm will be sustained by Brown if equitable relief is withheld. The plaintiff can demand its `day in court' before a fair and impartial tribunal, created to adjudicate the merits of allegations like Kingsbury's. The merits of Kingsbury's claim, whether rock-solid or frivolous, can now be heard out in an appropriate forum. Can Brown want more than a fair hearing? That's all Kingsbury wants. Town of Johnston v. Ryan, 485 A.2d 1248, 1251 (R.I. 1984).
 5. The plaintiff, therefore, has a more than adequate remedy at law on the merits of Kingsbury's claim.
Accordingly, judgment shall enter for the defendants denying and dismissing the plaintiff's complaint.
The defendants shall present a form of judgment for entry on reasonable notice to the plaintiff.